**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------X
JOSE MALDONADO, *individually and on behalf of others similarly situated,*

           *Plaintiff,*

-against-

CARE WORK CONSTRUCTION LLC (d/b/a CARE WORK CONSTRUCTION), and Jose Gabriel Fucozhañay,

           *Defendants.*
---------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Jose Maldonado ("Plaintiff Maldonado" or "Mr. Maldonado"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C. with CARTUSCIELLO & KOZACHEK, LLC as local counsel, alleges upon information and belief, and as against each of defendants Care Work Construction LLC(d/b/a Care Work Construction) ("Defendant Corporation"), and Jose Gabriel Fucozhañay ("Individual Defendant"), (collectively, "Defendants"), as follows:

## NATURE OF ACTION

1. Plaintiff Maldonado is a former employee of Defendants Care Work Construction LLC (d/b/a Care Work Construction), And Jose Gabriel Fucozhañay.

2. Care Work Construction LLC is a construction company owned by Jose Gabriel Fucozhañay, with its principal place of business at 210 Lake Avenue, Lyndhurst, New Jersey, 07071.

3. Upon information and belief, Defendant Jose Gabriel Fucozhañay serves or served as owner, manager, principal or agent of Defendant Corporation and through this corporate entity operates the construction company.

4. Plaintiff Maldonado is a former employee of Defendants.

5. Plaintiff Maldonado was primarily employed as a driver, sider and roofer.

6. At all times relevant to this Complaint, Plaintiff Maldonado worked for Defendants in excess of 40 hours per week, without receiving the appropriate compensation for the hours over 40 per week that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of his hours worked and failed to pay Plaintiff Maldonado additional overtime premium for any hours worked over 40.

8. Defendants' conduct extended beyond Plaintiff Maldonado to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado and other employees to work in excess of forty (40) hours per week without providing them the overtime compensation required by federal and state law and regulations.

10. Plaintiff Maldonado now brings this action on behalf of himself, and others similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

11. Plaintiff Maldonado seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question).

13. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Maldonado was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Maldonado is an adult individual residing in Newark, New Jersey.

15. Plaintiff Maldonado's address is 301 Oliver Street, Apt A4, Newark, New Jersey, 07105.

16. Plaintiff Maldonado was employed by Defendants from approximately September 2019 until on or about September 11, 2021.

17. Plaintiff Maldonado consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18. At all times relevant to this complaint, Defendants owned, operated, and/or controlled a construction company located at 210 Lake Avenue , Lyndhurst, New Jersey, 07071 under the name "Care Work Construction."

19. Upon information and belief, Care Work Construction., LLC ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New Jersey. Upon information and belief, it maintains its principal place of business at 210 Lake Avenue , Lyndhurst, New Jersey, 07071 .

20. Defendant Jose Gabriel Fucozhañay is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period. Defendant Jose Gabriel Fucozhañayis sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Jose Gabriel Fucozhañay possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Jose Gabriel Fucozhañay determined the wages and compensation of the employees of Defendants, including Plaintiff Maldonado , and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a construction company located at 210 Lake Avenue , Lyndhurst, New Jersey, 07071 .

24. Individual Defendant Jose Gabriel Fucozhañay possesses operational control over Defendant Corporation, possesses an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Maldonado's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Maldonado , and all similarly situated individuals, referred to herein.

27. In the alternative, Defendants constitute a single employer of Plaintiff Maldonado and/or similarly situated individuals.

28. Upon information and belief, individual defendant Jose Gabriel Fucozhañay operates Defendant Corporation as either an alter ego of himself, and/or fails to operate Defendant Corporation as a legal entity separate and apart from himself by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for his own benefit as the sole or majority shareholder;

(e) operating Defendant Corporation for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

(f) intermingling assets and debts of his own with Defendant Corporation;

(g) diminishing and/or transferring assets of Defendant Corporation to protect his own interests; and

(h) other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Maldonado's employers within the meaning of the FLSA.

30. Defendants had the power to hire and fire Plaintiff Maldonado, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Maldonado's services.

31. In each year from 2019 to 2021, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

32. In addition, upon information and belief, Defendants and/or their enterprises were directly engaged in interstate commerce. For example, numerous items that were used by the construction company on a daily basis, such as grass mowers and trimmers, were produced outside of the State of New York.

*Individual Plaintiff*

33. Plaintiff Maldonado is a former employee of Defendants, employed as a driver, sider and roofer.

34. Plaintiff Maldonado seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Jose Maldonado*

37. Plaintiff Maldonado was employed by Defendants from approximately September 2019 until on or about September 11, 2021.

38. At all relevant times, Plaintiff Maldonado was employed by Defendants as a driver, sider and roofer.

39. Plaintiff Maldonado regularly handled goods in interstate commerce, such as construction tools produced outside of the State of New York.

40. Plaintiff Maldonado's work duties required neither discretion nor independent judgment.

41. Throughout his employment with Defendants, Plaintiff Maldonado regularly worked in excess of 40 hours per week.

42. From approximately September 2019 until on or about September 11, 2021, Plaintiff Maldonado worked from approximately 6:00 a.m. until on or about 7:30 p.m., Mondays through Saturdays (typically 81 hours per week).

43. From approximately September 2019 until on or about September 11, 2021, Plaintiff Maldonado was paid for 40 hours of his week by check, and his overtime hours were paid in cash at a regular rate.

44. From approximately September 2019 until on or about February 2021, Plaintiff Maldonado was paid $20.00 per hour.

45. From approximately March 2021 until on or about September 11, 2021, Plaintiff Maldonado was paid $22.00 per hour.

46. Plaintiff Maldonado was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device, such as a time clock or punch cards, that accurately reflected his actual hours worked.

47. Defendants never provided Plaintiff Maldonado with an accurate written notice, of his rate of pay, employer's regular pay day, and such other information.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Maldonado regarding overtime and wages under the FLSA.

49. Defendants required Plaintiff Maldonado to purchase "tools of the trade" with his own funds- including a hammer, a tool belt, a knife, a tool box and a meter.

*Defendants' General Employment Practices*

50. Defendants regularly required Plaintiff Maldonado to work in excess of forty (40) hours per week without paying him the proper overtime wages.

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Maldonado (and all similarly situated employees) to work in excess of forty (40) hours per week without paying him appropriate overtime compensation, as required by federal and state laws.

52. Defendants paid Plaintiff Maldonado his weekly wages in a combination of check for the first 40 hours and cash for overtime hours.

53. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act by neglecting to maintain accurate and complete timesheets and payroll records.

54. By employing these practices, Defendants avoided paying Plaintiff Maldonado overtime compensation of time and a half for all of his hours worked in excess of forty (40) hours per week.

55. Defendants failed to post required wage and hour posters in the construction company, and did not provide Plaintiff Maldonado with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Maldonado's relative lack of sophistication in wage and hour laws.

56. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Maldonado (and similarly situated individuals) worked, and to avoid paying Plaintiff Maldonado properly for (1) his full hours worked and (2) for overtime due.

## **FLSA COLLECTIVE ACTION CLAIMS**

57. Plaintiff Maldonado brings his FLSA overtime wages, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in his case (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

58. At all relevant times, Plaintiff Maldonado and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay of one and one-half times their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

59. The claims of Plaintiff Maldonado stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FLSA OVERTIME PROVISIONS

60. Plaintiff Maldonado repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff Maldonado's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Maldonado (and the FLSA class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

64. Defendants, in violation of 29 U.S.C. § 207 (a)(1) of the FLSA, failed to pay Plaintiff Maldonado (and the FLSA Class members) overtime compensation at rates of one and

10

one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

65. Defendants' failure to pay Plaintiff Maldonado (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiff Maldonado (and the FLSA Class members) were damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Maldonado respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Maldonado and the FLSA class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Maldonado 's, and the FLSA class members', compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Maldonado and the FLSA class members;

(e)   Awarding Plaintiff Maldonado and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA, as applicable;

(f)   Awarding Plaintiff Maldonado and the FLSA class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)   Awarding Plaintiff Maldonado and the FLSA class members damages for the amount of unpaid overtime wages as well as damages for any improper deductions or credits taken against wages;

(h)   Awarding Plaintiff Maldonado and the FLSA class members pre-judgment and post-judgment interest as applicable;

(i)   Awarding Plaintiff Maldonado and the FLSA class members the expenses incurred in this action, including costs and attorneys' fees;

(j)   All such other and further relief as the Court deems just and proper.

Dated: New York, NY
December 3, 2021

                                CSM LEGAL, P.C.
                     By:   /s/ Catalina Sojo____
                                Catalina Sojo, Esq. [CS 5779517]
                                CSM LEGAL, P.C.
                                60 East 42nd Street, Suite 4510
                                New York, New York 10165
                                Phone: (212) 317-1200
                                Fax: (212) 317- 1620

                                 _/s/ James A. Kozachek_____
                                JAMES A. KOZACHEK (JAK-5657) (as local counsel)

CARTUSCIELLO & KOZACHEK, LLC
101 FARNSWORTH AVENUE
BORDENTOWN, NJ 08505
609-342-8200
Fax: 609-324-8201
Email: JKozachek@CKLawllc.com

*Attorneys for Plaintiff*